**FILED**

SEP - 1 2016

Clerk, U.S. District and Bankruptcy Courts

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAMAR CHRISTOPHER CHAPMAN, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case: 1:16-cv-01763  Jury Demand |
| v. | ) Assigned To : Unassigned |
| | ) Assign. Date : 9/1/2016 |
| BARACK HUSSEIN OBAMA, | ) Description: Pro Se Gen. Civil (F Deck) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

All of the constitutional violations plaintiff allegedly has suffered – including his criminal convictions, subsequent incarceration and the conditions of his confinement – stem from the action or inaction of the current President of the United States. According to plaintiff, defendant is not qualified to serve as this nation's President. Rather, plaintiff claims that "[d]efendant is a charlatan," Compl. at 4, who is not even a citizen of the United States, *see, e.g., id.* at 11-18. Plaintiff's demand for an order nullifying this presidency, *id.* at 45, fails because he lacks standing to bring it.

"So-called 'Article III standing' has three requirements: (1) the plaintiff has suffered 'an injury in fact,' (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury." *Hollander v. McCain*, 566 F. Supp. 2d 63, 67 (D.N.H. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, because plaintiff is "raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in

4

proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy." *Cohen v. Obama*, No. 08 2150, 2008 WL 5191864, at *1 (D.D.C. Dec. 11, 2008) (citing *Lujan*, 504 U.S. at 573-74), *aff'd*, 332 F. App'x 640 (D.C. Cir. 2009); *see Drake v. Obama*, 664 F.3d 774, 778 (9th Cir. 2011) (dismissing for lack of standing claim brought by "active, inactive, or retired military personnel; state political representatives; private individuals, including federal taxpayers and at least one individual who claims to be a relative of Barack Obama; and political candidates during the 2008 general election" that defendant "is constitutionally ineligible to be President of the United States"); *Reade v. Galvin*, No. 12-11492, 2012 WL 5385683, at *3 (D. Mass. Oct. 30, 2012) (concluding that plaintiff "lacks standing to challenge President Obama's eligibility for the presidency, just as others who have made similar claims were found to lack standing"). Even if plaintiff had alleged adequately that this presidency harmed him specifically, any injury he may have suffered is "too general for purposes of Article III." *Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009).

Insofar as plaintiff challenges his criminal convictions and sentences imposed by other federal courts, a civil action against the President is not a proper means to challenge them. "[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, such relief is available via a motion to vacate sentence under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.* 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the

sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Furthermore, to the extent that a judgment in plaintiff's favor necessarily would validate his conviction and sentence, he cannot recover damages because he does not demonstrate that his conviction already has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation] of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The complaint will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 8/31/16

_____
United States District Judge